**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
0 Valuation of Security     0 Assumption of Executory Contract or Unexpired Lease     0 Lien Avoidance

**Last revised: December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re: **Brent R Morris**
       **Kathleen E Morris**

Case No.: 17-30370
Judge: Hon. Michael B. Kaplan, USBJ

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original
☐ Motions Included

☑ Modified/Notice Required
☐ Modified/No Notice Required

Date: 10/6/2017

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☑ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney **JMG**     Initial Debtor: **BRM**     Initial Co-Debtor **KEM**

1

## Part 1: Payment and Length of Plan

a. The debtor shall pay **200.00 Monthly*** to the Chapter 13 Trustee, starting on **November 1, 2017** for approximately **36** months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☑ Loan modification with respect to mortgage encumbering property:
  Description: **Debtor's Residence, 1066 Kearney Dr., North Brunswick, NJ 08902**
  Proposed date for completion: **3/15/2019**

d. ☑ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☑ Other information that may be important relating to the payment and length of plan:
**Mortgage payments to continue per Consent Order Resolving Motion to Vacate Stay entered May 22, 2018.**

## Part 2: Adequate Protection                    X  NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Justin M. Gillman, Esq.** | **Attorney Fees-Per 2016** | 1,118.00 |
| **Justin M. Gillman, Esq.** | **Supplement Attorney Fees - Subject to Filing of Application for Compensation and entry of Order Allowing Fees (Amount is estimated and shall be fixed by Order)** | 2,000.00 |
| **State of New Jersey Dept. of Treasury** | **Taxes and certain other debts** | 697.51 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Carrington Mortgage Service. Llc | 1066 Kearney Drive North Brunswick, NJ 08902 Middlesex County | 209,233.00 | 0.00 | 4,600.00 Distributions pending loan modification | 2,531.00 Payments per prior Order |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

**c. Secured claims excluded from 11 U.S.C. 506:** ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Creditor
**Toyota Motor Credit Co**

**g. Secured Claims to be Paid in Full Through the Plan** ☑ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|

## Part 5: Unsecured Claims     ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐  Not less than $____ to be distributed *pro rata*

☐  Not less than ___ percent

☑  *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

## Part 6: Executory Contracts and Unexpired Leases     ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

| Part 7: Motions | X NONE |
|---|---|

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

    a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

    b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

    c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

**Part 8: Other Plan Provisions**

    a. **Vesting of Property of the Estate**
        ☑ Upon Confirmation
        ☐ Upon Discharge

    b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

    c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
        1)   Ch. 13 Standing Trustee Commissions
        2)   **Other Administrative Claims**
        3)   **Secured Claims**
        4)   **Lease Arrearages**

5

5) **Priority Claims**
6) **General Unsecured Claims**

   d. **Post-Petition Claims**

   The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification    ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: **10/23/2017**.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **Debtor requires additional time to complete loan modification. Joint Debtors are both fully employed and now can submit proof of employment income for loan modification.** | **Extension of time to complete loan modification. Remove proposed payment to Drive Time Financial due to lack of filed claim.** |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☑ No

## Part 10 : Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☐ NONE
☑ Explain here:
**\*This plan is a step plan or has lumpsum payments as follows: $200.00 per month for 5 months, then $235.00 per month for 31 months**

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

| Date | **August 8, 2018** | **/s/ Justin M. Gillman, Esq.** |
|---|---|---|
| | | **Justin M. Gillman, Esq.** |
| | | Attorney for the Debtor |
| Date: | **August 8, 2018** | **/s/ Brent R Morris** |
| | | **Brent R Morris** |
| | | Debtor |
| Date: | **August 8, 2018** | **/s/ Kathleen E Morris** |
| | | **Kathleen E Morris** |
| | | Joint Debtor |

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

| Date | **August 8, 2018** | **/s/ Justin M. Gillman, Esq.** |
|---|---|---|
| | | **Justin M. Gillman, Esq.** |
| | | Attorney for the Debtor |

I certify under penalty of perjury that the above is true.

Date: **August 8, 2018**    **/s/ Brent R Morris**

6

|  |  | **Brent R Morris** |
|  |  | Debtor |
| Date: | August 8, 2018 | /s/ Kathleen E Morris |
|  |  | **Kathleen E Morris** |
|  |  | Joint Debtor |

```
                              United States Bankruptcy Court
                                   District of New Jersey
In re:                                                                    Case No. 17-30370-MBK
Brent R Morris                                                            Chapter 13
Kathleen E Morris
         Debtors                      CERTIFICATE OF NOTICE
District/off: 0312-3            User: admin                 Page 1 of 2                  Date Rcvd: Sep 24, 2018
                                Form ID: pdf901             Total Noticed: 31


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 26, 2018.
db/jdb         +Brent R Morris,   Kathleen E Morris,   1066 Kearney Drive,   North Brunswick, NJ 08902-3229
517109889      +1st Crd Srvc,   377 Hoes Lane,   Piscataway, NJ 08854-4138
517199314      +Bank of America, N.A.,   C/O Carrington Mortgage Services, LLC,
                 1600 South Douglass Road, Suite 200-A,   Anaheim, California 92806-5948
517109891      +Bureau of Account Management,   3601 Route 9 North,   Howell, NJ 07731-3395
517109890      +Bureau of Account Management,   3607 Rosemont Ave Ste 502,   Po Box 8875,
                 Camp Hill, PA 17001-8875
517109894      +Carrington Mortgage Service. Llc,   Po Box 3489,   Anaheim, CA 92803-3489
517109895      +Carrington Mortgage Service. Llc,   1600 S Douglass Rd Ste 2,   Anaheim, CA 92806-5951
517109897      +DT Credit Company, LLC,   PO Box 52020,   Phoenix, AZ 85072-2020
517109896      +Drive Time,   1720 W Rio Salado Pkwy,   Tempe, AZ 85281-6590
517109898       Equifax,   P.O. Box 740241,   Atlanta, GA 30374-0241
517109899      +Experian,   475 Anton Blvd,   Costa Mesa, CA 92626-7037
517109900      +KML Law Group, PC,   216 Haddon Avenue,   Suite 406,   Collingswood, NJ 08108-2812
517109901      +Main Street Acquistion Corp,   P.O. Box 9201,   Old Bethpage, NY 11804-9001
517109902      +Middlesex County Sheriff’s Office,   701 Livingston Ave.,   P.O. Box 1188,
                 New Brunswick, NJ 08903-1188
517109905      +Ragan & Ragan,   3100 Route 138 West,   Brinley Plaza, Building One,   Belmar, NJ 07719-9020
517109907      +Real Time Resolutions,   4909 Savarese Circle,   Tampa, FL 33634-2413
517109908       State of New Jersey Dept. of Treasury,   Division of Taxation,   P.O. Box 245,
                 Trenton, NJ 08695-0245
517109912     ++TOYOTA MOTOR CREDIT CORPORATION,   PO BOX 8026,   CEDAR RAPIDS IA 52408-8026
                (address filed with court: Toyota Motor Credit Co,   4 Gatehall Dr Ste 350,
                 Parsippany, NJ 07054)
517208024      +Toyota Motor Credit Corporation,   PO Box 9013,   Addison, Texas 75001-9013
517109913       TransUnion,   P.O. Box 2000,   Crum Lynne, PA 19022

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Sep 25 2018 00:18:44    U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,   Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Sep 25 2018 00:18:39    United States Trustee,
                 Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
517109893       E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 25 2018 00:23:49    Capital One,
                 15000 Capital One Dr,   Richmond, VA 23238
517109892      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 25 2018 00:24:23    Capital One,
                 Attn: Bankruptcy,   Po Box 30253,   Salt Lake City, UT 84130-0253
517109904       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 25 2018 00:35:15
                 Portfolio Recovery,   120 Corporate Blvd Ste 1,   Norfolk, VA 23502
517109903       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 25 2018 00:23:54
                 Portfolio Recovery,   Po Box 41067,   Norfolk, VA 23541
517175317       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 25 2018 00:34:59
                 Portfolio Recovery Associates, LLC,   c/o Ann Taylor,   POB 41067,   Norfolk VA 23541
517185429       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 25 2018 00:24:28
                 Portfolio Recovery Associates, LLC,   c/o Pier 1 Imports,   POB 41067,   Norfolk VA 23541
517109906      +E-mail/Text: bkdepartment@rtresolutions.com Sep 25 2018 00:18:54    Real Time Resolutions,
                 Attn: Bankruptcy,   Po Box 36655,   Dallas, TX 75235-1655
517109909      +E-mail/PDF: gecsedi@recoverycorp.com Sep 25 2018 00:23:11    Synchrony Bank/Gap,
                 Attn: Bankruptcy,   Po Box 956060,   Orlando, FL 32896-0001
517109910      +E-mail/PDF: gecsedi@recoverycorp.com Sep 25 2018 00:23:39    Synchrony Bank/Gap,
                 Po Box 965005,   Orlando, FL 32896-5005
                                                                                              TOTAL: 11

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517109911*    ++TOYOTA MOTOR CREDIT CORPORATION,   PO BOX 8026,   CEDAR RAPIDS IA 52408-8026
                (address filed with court: Toyota Motor Credit Co,   Toyota Financial Services,   Po Box 8026,
                 Cedar Rapids, IA 52408)
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked ’+’ were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked ’++’ were redirected to the recipient’s preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

```
District/off: 0312-3          User: admin              Page 2 of 2              Date Rcvd: Sep 24, 2018
                              Form ID: pdf901          Total Noticed: 31
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 26, 2018                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 20, 2018 at the address(es) listed below:
          Albert    Russo    on behalf of Trustee Albert   Russo docs@russotrustee.com
          Albert    Russo    docs@russotrustee.com
          Charles G. Wohlrab    on behalf of Creditor    BANK OF AMERICA, N.A. cwohlrab@logs.com,
           njbankruptcynotifications@logs.com
          Denise E. Carlon    on behalf of Creditor    Toyota Motor Credit Corporation
           dcarlon@kmllawgroup.com,  bkgroup@kmllawgroup.com
          Justin M Gillman    on behalf of Joint Debtor Kathleen E Morris abgillman@optonline.net,
           r47252@notify.bestcase.com
          Justin M Gillman    on behalf of Debtor Brent R Morris abgillman@optonline.net,
           r47252@notify.bestcase.com
          Rebecca Ann Solarz    on behalf of Creditor    Toyota Motor Credit Corporation
           rsolarz@kmllawgroup.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 8
```